IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :  Criminal No. 20-043-CFC |
| | : |
| DAVINE BOYCE | : |

## JOINT MOTION FOR TRIAL CONTINUANCE

Defendant Davine Boyce and the United States of America, by and through their respective undersigned counsel, hereby jointly request a continuance of the trial currently scheduled to commence on February 22, 2021, and in support hereof, state the following:

1. By Order dated November 18, 2020, the Court set trial to commence on February 22, 2021. The trial is scheduled for three days. D.I. 19. In that same Order, the Court scheduled a pretrial conference and established certain deadlines concerning outstanding pretrial motions. *Id.*

2. Defendant Davine Boyce is charged by indictment with Carjacking, in violation of 18 U.S.C. § 2119(1) & §2, Brandishing a Firearm, in violation of 18 U.S.C. § 924(c)(1)(A) & § 2, and Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) & § 924(a)(2).

3. Defendant Boyce appeared for his Initial Appearance on July 30, 2020 before the Honorable Christopher J. Burke, and at that time waived detention.

4. Since November 18, 2020, all parties have been acting in good faith, and working cooperatively in attempting to be ready to proceed to trial as scheduled on February 22, 2021.

5. The Bureau of Prisons ("BOP") has implemented significant precautions and restrictions in response to the COVID pandemic. It implemented a Coronavirus (COVID-19)

Action Plan ("Action Plan") that significantly modifies its operations to minimize the risk of COVID-19 transmission into and inside its facilities. BOP has repeatedly revised the Action Plan to address the crisis.

6. BOP has severely limited the movement of inmates and detainees among its facilities. BOP has also limited visitation within its facilities.

7. Social and volunteer visits are currently suspended. Functionally, it is very difficult for most attorneys to secure entry into BOP facilities for in-person meetings.

8. As a result of the challenges posed by the pandemic, all parties have encountered significant preparatory obstacles and have concluded that trial cannot proceed under the current schedule. Therefore, the parties jointly request a continuance.

9. Mr. Boyce has been held in pretrial custody at the Federal Detention Center in Philadelphia ("FDC-Philadelphia"). As of January 15, 2021, defense counsel has learned – through defendant's family – that defendant Boyce is in quarantine, and that he will be in quarantine for several weeks. Defendant Boyce may not even be out of quarantine by the current trial date of February 22. Mr. Boyce's undersigned counsel has not been able to meet with Mr. Boyce for several weeks due to the lockdown conditions at FDC. Although counsel may be able to arrange periodic telephone conferences with Mr. Boyce, occasional telephone calls are not sufficient to allow for adequate trial preparation.

10. Both parties have concerns for the health and safety of all participants during the trial preparation process and during the trial itself. A trial would require the Court conduct a modified jury selection process, and then a panel of twelve jurors and alternates would sit through this three-day trial. The government would expect to call at least one civilian witness along with several law enforcement officers during the trial. Should a witness become ill, or need to

quarantine because of possible exposure, there would be significant disruption in the government's presentation of evidence.

11. The parties are also in the process of pursuing a nontrial resolution of the case and believe that a trial continuance would allow for further discussion between the parties. These discussions have been hampered due to the lockdown at FDC.

12. Given that all parties require additional time to prepare for trial, and that defendant may not even be out of quarantine status in time for trial, granting the requested continuance serves the ends of justice and outweighs the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7).

13. The parties would respectfully request that a new trial date be issued for a date in the month of June, 2021.

WHEREFORE, the parties respectfully request that the trial be continued for the reasons previously stated. The parties are available if the Court requests additional information or wishes to schedule a teleconference with the parties.

Respectfully submitted:

| | |
|---|---|
| /s/ _____<br>Conor Wilson, Esq.<br>Attorney for Defendant Davine Boyce | DAVID C. WEISS<br>United States Attorney<br><br>By:  /s/ _____<br>Jennifer K. Welsh<br>Assistant United States Attorney |
| | |

Dated: January 19, 2021